UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

VIRGIL EUGENE GRIFFIN,

    Plaintiff,

    v.   CAUSE NO. 3:22-CV-684-RLM-MGG

RON NEAL, et al.,

    Defendants.

OPINION AND ORDER

Virgil Eugene Griffin, a prisoner without a lawyer, filed a complaint against five defendants. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Griffin alleges that, after he was housed in administrative segregation on December 15, 2021, Deputy Warden Dawn Buss and Law Library Supervisor Kim Watkins-Bradley read, screened, and refused to electronically file his court documents. Mr. Griffin asserts that in Griffin v. Carter, Case No. 3:22-CV-122-JD-JPK (N.D. Ind. filed Feb. 14, 2022), he tried to electronically file an essay by a student scholar as an exhibit to his complaint, which described the historical dynamics of

prison officials inhumanely using food as punishment. Instead of electronically filing the essay, Supervisor Watkins-Bradley read the essay and gave it to Deputy Warden Buss, who told her not to electronically file it. Supervisor Watkins-Bradley returned the essay and an electronic filing consent form to Mr. Griffin. He asserts he then mailed the essay and consent form to the court to be filed by the court clerk. After the clerk filed the essay and consent form, instead of providing him with a complete copy of the essay, Supervisor Watkins-Bradley only gave him a copy of the first page of the essay. Mr. Griffin later filed grievances about prison staff reading his legal documents instead of electronically filing them and Supervisor Watkins-Bradley refusing to provide him with a complete copy of the essay.

Prisoners are entitled to meaningful access to the courts. Bounds v. Smith, 430 U.S. 817, 824 (1977). The right of access to the courts is the right of an individual, whether free or incarcerated, to obtain access to the courts without undue interference. Snyder v. Nolen, 380 F.3d 279, 291 (7th Cir. 2004). The right of individuals to pursue legal redress for claims that have a reasonable basis in law or fact is protected by the First Amendment right to petition and the Fourteenth Amendment right to substantive due process. *Id*. (citations omitted). Denial of access to the courts must be intentional; "simple negligence will not support a claim that an official has denied an individual of access to the courts." *Id*. at 291 n.11 (citing Kincaid v. Vail, 969 F.2d 594, 602 (7th Cir. 1992)).

To establish a violation of the right to access the courts, an inmate must show that unjustified acts or conditions (by defendants acting under color of law) hindered

the inmate's efforts to pursue a non-frivolous legal claim, Nance v. Vieregge, 147 F.3d 589, 590 (7th Cir. 1998), and that actual injury (or harm) resulted, Lewis v. Casey, 518 U.S. 343, 351 (1996) (holding that *Bounds* did not eliminate the actual injury requirement as a constitutional prerequisite to a prisoner asserting lack of access to the courts); *see also* Pattern Civil Jury Instructions of the Seventh Circuit, 8.02 (rev. 2017). "[W]hen a plaintiff alleges a denial of the right to access-to-courts, he must usually plead specific prejudice to state a claim, such as by alleging that he missed court deadlines, failed to make timely filings, or that legitimate claims were dismissed because of the denial of reasonable access to legal resources." Ortloff v. United States, 335 F.3d 652, 656 (7th Cir. 2003) (overruled on other grounds). Accordingly, "the mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*," and only if the defendants' conduct prejudices a potentially meritorious legal claim has the right been infringed. Marshall v. Knight, 445 F.3d 965, 968 (7th Cir. 2006). To state a claim, Mr. Griffin must "spell out, in minimal detail, the connection between the denial of access to the courts and the resulting prejudice to a potentially meritorious claim. *Id*.

While Mr. Griffin claims that Deputy Warden Buss and Supervisor Watkins-Bradley violated his First Amendment right to access the courts when they read, screened, and refused to electronically file the essay and an electronic consent form in Griffin v. Carter, Case. No. 3:22-CV-122, their actions didn't prejudice him. These

3

two documents weren't electronically filed, but Mr. Griffin mailed them to the court, and the court clerk filed them. He wasn't prejudice in pursuing his claim.[1]

Mr. Griffin next asserts that Grievance Specialists Joshua Wallen and Mark Newkirk violated his First Amendment rights by improperly rejecting and failing to respond to his grievances in an effort to prevent him from exhausting his administrative remedies. He contends they obstructed the grievance process by denying his timely grievances as untimely, and rejecting his grievances for reasons not authorized by the grievance policy. Mr. Griffin has no constitutional right to access the grievance process. *See* Grieveson v. Anderson, 538 F.3d 763, 770 (7th Cir. 2008) (noting that there is not a Fourteenth Amendment substantive due process right to an inmate grievance procedure). He hasn't stated a claim here.

Mr. Griffin also contends that Warden Ron Neal uses an unconstitutional policy of copying all legal mail, including mail from his court-appointed attorney, and a policy of providing limited telephone access to communicate with court-appoint attorneys. These claims are unrelated to the First Amendment claims asserted in this lawsuit. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits . . . ."); s*ee also* Owens v. Evans, 878 F.3d 559, 566 (7th Cir. 2017). If Mr. Griffin wants to pursue his unrelated claims, he must

---

[1] On February 21, 2023, the court dismissed Griffin v. Carter, Case No. 3:22-CV-122-JD-JPK (N.D. Ind. filed Feb. 14, 2022) because the complaint didn't state a claim for which relief could be granted pursuant to 28 U.S.C. § 1915A. The United States Court of Appeals for the Seventh Circuit affirmed the district court's decision on August 3, 2023. Griffin v. Carter, No. 23-1462, 2023 WL 4946734 (7th Cir. Aug. 3, 2023).

do so in a new lawsuit, which requires that he pay a filing fee. Warden Neal will be dismissed from this case.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." Abu-Shawish v. United States, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." Hukic v. Aurora Loan Servs., 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, it would be futile to permit Mr. Griffin to replead his claims against Deputy Warden Dawn Buss, Law Library Supervisor Kim Watkins-Bradley, Grievance Specialist Joshua Wallen, and Grievance Specialist Mark Newkirk.

For these reasons, the court:

(1) DISMISSES Warden Ron Neal pursuant to Federal Rule of Civil Procedure 21;

(2) DISMISSES the remaining claims pursuant to 28 U.S.C. § 1915A because the complaint does not state a claim for which relief can be granted; and

(3) DIRECTS the clerk to close this case.

SO ORDERED on August 14, 2023

                                               s/ Robert L. Miller, Jr.
                                               JUDGE
                                               UNITED STATES DISTRICT COURT